BEAUMONT TRACTION COMPANY v. STATE OF TEXAS.

Decided May 29, 1907.

**Street Railways—Act Construed.**

The Act of 1903, General Laws, page 178, requiring street railways to provide their cars with vestibules for the protection of their motormen, held to be a police regulation, within the police power of the State and not in violation of any provision of the United States Constitution.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Chester & Da Ponte,* for appellant.—The statute under consideration does not fix the penalties provided for with sufficient certainty. It prescribes a certain penalty for each offense without prescribing in what the offense consists. Houston, E. & W. Ry. Co. v. Campbell, 91 Texas, 557; Texas & P. Ry. Co. v. Barrow, 77 S. W. Rep., 643; 2 Suth. St. Con., p. 963; Ex parte McNulty, 11 Am. St. Rep., 257; Commonwealth v. Keniston, 5 Pick., 420; Chicago & Alton Ry. v. People, 67 Ill., 27; Randolph v. State, 9 Texas, 521; Johnston v. State, 100 Ala., 32; State v. Ashbrook, 77 Am. St. Rep., 765; State v. West Side St. Ry. Co., 47 S. W. Rep., 959; Louisville & N. Ry. Co. v. Commonwealth, 19 Fed. Rep., 679; Louisville & N. Ry. Co. v. Com. of Tenn., 33 L. R. A., 209; Matthews v. Murphy, 63 S. W. Rep., 785; State v. Whitaker, 60 S. W. Rep., 1068; Parks v. Nashville, C. & St. L. Ry. Co., 49 Am. Rep., 655; art. 1, sec. 13, Const. of Texas; Pickle v. Finley, 91 Texas, 487.

That the petition must show definitely the facts entitling plaintiff to the penalty. See Schloss v. Atchison, T. & S. F. Ry., 85 Texas, 601; Texas & P. Ry. Co. v. Wood, 23 S. W. Rep., 744; Texas & P. Ry. Co. v. Langsdale, 30 S. W. Rep., 681; 16 Enc. Pl. and Pr. 275 et seq.

The cases cited are also typical of the strict construction to be applied to a penal act.

*C. W. Howth* and *Blain, Howth & Adams,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the State of Texas against the Beaumont Traction Company, a corporation operating a line of electric street railway in the city of Beaumont, Jefferson County, Texas, to recover the penalty denounced by section 2 of the Act of April 3, 1903 (28 Leg., p. 178), for operating upon its lines an electric car, other than a train car attached to motor cars, during the period beginning November 15, and ending March 15, without having the forward end of such car provided with a screen or vestibule such as to fully protect the motorman, or other person directing the motive power by which such car was propelled, from wind and storm; it having been alleged in the petition that such car was operated by defendant on January 22, 1906, at a time when there were no excursionists visiting the city.

The defendant answered by a general demurrer, special excep-

tions to the petition and a general denial. The case was tried without a jury and judgment rendered in favor of the State for one hundred dollars.

The petition alleged all the essential facts necessary to show a violation of the statute under which the action was brought, and negatived every fact which would exempt the defendant under the Act from the penalty denounced for its infraction. The findings of fact by the trial court (which we adopt) fully sustain every essential allegation in the petition; and as the Act under which the suit was brought was clearly within the legislative power of the State; and it being a police regulation not inhibited by or in violation of any provision of the United States, the appellee's petition was not obnoxious to the general demurrer, or any of the special exceptions urged against it. Therefore, we overrule all the assignments of error, which complain of the court's not sustaining defendant's demurrer and exceptions to plaintiff's petition, and of the insufficiency of the evidence and findings of the trial court to support the judgment.

*Affirmed.*

### ON REHEARING.

While complaint is made of the brevity of our opinion, we can perceive no reason why we should say more, unless it be to refer to the case of State v. Whitaker, 160 Mo., 59, 60 S. W. Rep., 1068, which involves the construction of a similar statute and decides, as we have, the questions involved in this case after fully discussing them. The motion is overruled.

*Overruled.*

Writ of error refused.